IVES vs. EASTIN.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE

SIXTH PRESIDING.

A promise by the drawer to pay a bill of exchange, after he was verbally notified of the drawee's refusal to pay it, is a waiver of his right to protest and notice in the usual form.

Where a suit was brought on a bill of exchange, and the defendant and drawer was not charged in the petition, upon his promise to pay after presentment of the bill to and refusal of payment by the drawee; and where eighteen months before the trial the defendant was apprised that he would be charged on that ground, by a deposition which was taken : held that evidence of such promise was admissible, although objected to on the trial.

The plaintiff sought to recover in this action the sum of three hundred thirty-five dollars and eleven cents, of which he alleged that one hundred ninety-three dollars and ten cents became due to him by an order or draft drawn by the late E. S. Hall, as a partner in the commercial firm of H. Eastin & Co., on the firm of Stewarts & Eastin of New Orleans, who on presentment refused to pay it. The balance was claimed on account for freight of merchandise shipped by H. Eastin & Co., on the plaintiff's steam boat La Fayette. The defendant is sued as the surviving partner of H. Eastin & Co. The petition contains no allegation that the draft had been protested, or that the defendant was charged on a promise made since its dishonor.

The defendant pleaded the general denial. He admitted the shipment of the merchandise as stated by the plaintiff, and averred that the delivery of it at its place of destination was delayed for a long period, contrary to express agreement, and the prevailing custom and usage in such cases; that during the interval of that unusual delay, the prices of the merchandise had greatly fallen, whereby the defendant sustained in damage the sum of three hundred and fifty dollars.

The trial took place in May, 1833.    It was proved that the draft was drawn as alleged in the petition, presented to the drawees, and payment by them was refused; that after their refusal, Hall promised to pay the draft.    It was also proved, by the then clerk of the La Fayette, that she was detained at Plaquemine for a considerable period by the low stage of the water, and a short time longer in undergoing repairs; and that a quantity of deer skins, forming a part of the freight, were on their arrival in New-Orleans, greatly worm-eaten and damaged, to the amount of fifty per centum of their value.    Whether this depreciation in value occurred while the skins were on the steam boat, or previously, did not clearly appear in evidence.

The petition was filed on the 12th of April, 1831.    On the 30th of the following September, the plaintiff obtained a commission under which the testimony of witnesses residing in the parish of St. Martin, was soon after taken.    In one of the plaintiff's interrogatories, he questions the witness in relation to the presentment of the draft to the drawees, their refusal to pay it, and the subsequent promise of payment by Hall.

Judgment was rendered for the plaintiff for two hundred seventy-five dollars and forty-on cents, with interest thereon from the day of judicial demand, until final payment.

The defendant appealed.

*Crow*, for plaintiff and appellee.

1. It is not necessary to protest an inland bill of exchange or promissory note, in order to bind the drawer in favor of the payee.    2 *Starkie*, 265.    6 *Wheaton*, 146.

2. In this case, the drawer promised to pay the bill of exchange sued on after its dishonor, which is a waiver of protest and notice.

3. The plaintiffs have a right to recover on the subsequent promise, without an allegation of such promise, or of the delivery of notice; but solely on the responsibility of the drawer, in making the bill. *Chitty on Bills*, 280. *Ed. of* 1821.

*Voorhies, contra*, contended that:

1. Protest and notice were necessary to the drawer of the bill, in order to charge him after its dishonor. *Pothier traité du com.* 46. 2 *Martin's N. S.* 541. 3 *Kent Com.* 108, 113. 3 *Martin's N. S.* 403. 12 *Martin,* 177. 2 *Martin's N. S.* 541.

2. The proof and allegations must agree. There is no allegation of notice or of the subsequent promise to pay after the dishonor of the bill, set forth in the pleadings, consequently no recovery can be had. 12 *Martin,* 177.

3. Credits were proven below which were not allowed by the district judge, but which the evidence in the record will show, and which we claim in this court.

PORTER J. delivered the opinion of the court.

This is an action against the surviving partner of a commercial firm. The petition charges, that the partnership drew an order, or an inland bill of exchange, on a mercantile house in New-Orleans, which was not accepted or paid by the drawees; and further, that the firm owed the plaintiffs for the freight of certain merchandise, shipped on board a steam boat, of which he was the proprietor.

The answer puts at issue the facts alleged in the petition, and also contains a plea, that the goods shipped on board the steam boat, were improperly detained an unusual length of time by the plaintiffs, and owing to the delay, the defendant sustained a serious loss; the value of the merchandise having depreciated between the time when it should have reached its destination, and that in which it was actually delivered.

The court gave judgment in favor of the plaintiff, though for a less amount than that claimed in the petition.

The defendant appealed.

And he here contends the judgment below should be reversed.

I. Because no notice of the dishonor of the bill was given to the drawers.

II. The court erred in receiving testimony to cure the want of notice.

WESTERN DIS
September, 1833.

IVES
*vs.*
EASTIN.

III. And it erred, in not allowing the defendant all the credits he had offered and proved against the claims of the petitioners.

In discussing the subject of want of notice, the counsel have gone somewhat at length into the question as to the necessity of protest on inland bills of exchange. It has been contended on one side, that no other evidence can be necessary of demand and refusal to accept or pay; and on the other, that the doctrine relied on, is solely applicable to foreign bills of exchange. We have not found it necessary to form an opinion on this point, for, admitting the objection well taken, there is evidence that the defect (if it be one) was waived. One of the partners promised to pay the draft, after he was notified that the drawees had refused to do so.

It was however urged that this testimony should not have been received, as the allegations in the petition did not charge responsibility on that ground. What weight this objection would be entitled to in a case differently circumstanced from the present one, we need not say. Here it appears depositions were taken eighteen months before the trial, and by these the defendant was apprised that liability would be attempted to be fixed on him on that ground. The case comes completely within those of *Ory* vs. *Winter*, and *Ralson* vs. *Barclay*, already decided in this court. 4 *N. S.* 283. 6 *Martin's Reports*, O. S. 649.

An attempt has been made to show that the judgment below is erroneous, in not making certain deductions from the plaintiff's account, for freight. The deduction is claimed principally on an alleged loss in the non-delivery of the cotton in the regular delay, and in damage sustained by the merchandise after it was shipped. But the evidence has not satisfied us that there was any unnecessary detention of the merchandise, on the part of the plaintiff, or that the damage accrued through his mal-feasance.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

A promise by the drawer to pay a bill of exchange after he was verbally notified of the drawee's refusal to pay it, is a waiver of his right to protest and notice in the usual form.

Where a suit was brought on a bill of exchange, and the defendant and drawer was not charged in the petition, upon his promise to pay after presentment of the bill to and refusal of payment by the drawee; and where eighteen months before the trial, the defendant was apprised that he would be charged, by a deposition which was taken: held that evidence of such promise was admissible, although objected to on the trial.